UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:18-cv-21691

KARINA MEZZASALMA,
on behalf of herself and
all other similarly situated,

    Plaintiff,

v.

MDLIVE, INC., a Foreign
Corporation, and JUSTIN
WOLLER, individually,

    Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

    Defendants, MDLIVE, INC. ("MDLive") and JUSTIN WOLLER ("Woller") (collectively, "Defendants"), hereby file their Reply to Plaintiff's Response in Opposition [DE 16] to Defendants' Motion to Dismiss Plaintiff's Amended Complaint [DE 11] and in support thereof, states the following:

**I.**   **Plaintiff Fails to Rebut Defendants' Arguments, She Failed to Allege Enterprise or Individual Coverage under the Fair Labor Standards Act ("FLSA")**

    Without addressing the case law cited in Defendant's Motion to Dismiss or citing any cases to support her position, Plaintiff's Response summarily concludes that the Amended Complaint pleads enterprise coverage and as result, boldly claims she does not need to address Defendants' argument that she failed to allege individual coverage. *See* [DE 16] at pg. 5. As set forth herein, Plaintiff fails to rebut Defendants' arguments she failed to allege enterprise or individual coverage under the FLSA and as such, the Amended Complaint should be dismissed.

    **A.**  *Plaintiff has insufficiently alleged enterprise coverage under FLSA*

Plaintiff's Response argues that the Amended Complaint's allegations "are not simply recitation of the statutory language but *uncontested* statement to support enterprise coverage." *See* [DE 16] at pg. 5 (emphasis in original). Plaintiff posits that the allegations in paragraphs 18, 19, and 20, sufficiently plead enterprise coverage. *See* [DE 16] at pg. 5.

Enterprise coverage applies where an employer has (1) at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that had once moved or been produced for in interstate commerce, and (2) has gross sales of at least $500,000 in sales annually. 29 U.S.C. § 203(s)(1)(A)). A plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in commerce or handled goods and material that have been moved in commerce. *Villafana v. Our Children's Planet Corp.*, 2016 U.S. Dist. LEXIS 86411, *2 (S.D. Fla. March 24, 2016) (citing *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (Ungaro, J.).

Plaintiff's Amended Complaint is devoid of any facts to show Defendants' enterprise has at least two employees who engage in interstate commerce. *See* [DE 9]. Additionally, the Amended Complaint contains no factual allegations regarding (i) the nature of Defendants' business, (ii) the types of goods or services Defendants provide to customers, (iii) whether such goods or services are connected to interstate commerce; nor (iv) does it connect the work she allegedly performed to interstate commerce. Plaintiff may not argue that the Court should imply this from her conclusory barebones allegations. *Villafana*, 2016 U.S. Dist. LEXIS at *2 (dismissing Complaint where it was devoid of any factual allegations showing the nature of Defendant's work, how the alleged materials connected to that work, or how many employees besides the Plaintiff handled the materials).

Moreover, Plaintiff fails to rebut the case law cited by Defendant wherein this Court dismissed a complaint containing similar allegations. In *Ceant v. Aventura Limousine & Transp. Serv.*, the plaintiff alleged only that "during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce." 874 F. Supp. 2d 1373, 1377 (S.D. Fla June 27, 2012). This Court allowed leave to amend, but specifically called for the plaintiff to "…set forth the nature of [Defendants'] business and precisely what [Plaintiff] did in the course of his employment, taking care to explain how [Defendants'] business, and his work for the company, connects to interstate commerce." *Id.*

By failing to address Defendants' arguments in her Response, Plaintiff has conceded that this controlling authority applies and that she has failed to allege enterprise coverage. *Fisher v. Residential Realty Servs., Corp.*, 2016 U.S. Dist. LEXIS 163147, at *4 (S.D. Fla. November 23, 2016)(Scola, J.) (citing *Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (Scola, J.) ("Generally, a 'litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him.'" (quoting *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n. 10 (10th Cir. 2001) (internal quotation marks omitted))). Accordingly, the Amended Complaint lacks any factual support necessary to state a cause of action, and as such, Plaintiff's Amended Complaint should be dismissed.

### B.  The Amended Complaint fails to allege individual coverage under the FLSA

Plaintiff does not provide counterarguments relative to individual coverage. Instead, her Response asserts an analysis of her individual coverage is moot in light of her establishing

enterprise coverage. *See* [DE 16] at pg.5. However, as stated above, Plaintiff failed to plead enterprise coverage.

The Amended Complaint and Response says nothing as to how the work of the Plaintiff was tied to interstate commerce, nor does it in any way describe what work the Plaintiff performed for MDLive. *See* [DE 9 at ¶9]. Additionally, Plaintiff fails to rebut Defendant's argument that "[m]erely because an instrumentality may be used in interstate commerce, does not mean the instrumentality is used in interstate commerce (for instance, a telephone may be used to call locally, or to call across state lines."). *See Attai v. Delivery Dudes, LLC*, 2016 U.S. Dist. LEXIS 27298, at *8 (S.D. Fla. March 2, 2016) (Bloom, J.). Again, by failing to address Defendants' arguments in her Response, Plaintiff has conceded that individual coverage does not exist. *Fisher*, 2016 U.S. Dist. LEXIS 163147, at *4. Accordingly, the Amended Complaint lacks any factual support or link between the work she allegedly performed and interstate commerce. Absent the requisite allegations necessary to state a cause of action, Plaintiff's Amended Complaint must be dismissed.

### C. Plaintiff Failed to Plead Facts Supporting her Non-Exempt Status

Plaintiff fails to rebut Defendant's argument that the Amended Complaint fails to allege facts to support Plaintiff was a non-exempt employee. Rather, Plaintiff's Response argues there is no requirement Plaintiff prove she was non-exempt. *See* [DE 16] at 6. Plaintiff relies on *Matos v. Macmillan Oil Co. of Fla.,* for the proposition that she is not required to plead she is a non-exempt employee. 2014 U.S. Dist. LEXIS 191059, *9 (S.D. Fla. April 22, 2014).

However, in *Matos*, the plaintiff had pled both individual and enterprise coverage. *Id.* at *10. Thus, the court found there was no justification in requiring the plaintiff to also plead non-exempt status. *Id.* In the instant matter, Plaintiff has not done so. Plaintiff fails to point to any

facts in her Amended Complaint where she alleges any facts regarding what Plaintiff's position was, or what she actually did at work. While a Plaintiff need not do much to state a claim for FLSA, the Amended Complaint's empty echoing of the most basic FLSA legal standards cannot be sufficient under *Iqbal* and *Twombley*, and the cases in this Circuit and elsewhere applying them to the FLSA.

## II. Plaintiff Fails to Rebut Defendants' Argument the Amended Complaint Fails to Sufficiently Plead a Collective Action

Plaintiff's Response asserts that it is premature for Defendants to argue that the Amended Complaint fails to set forth any allegations regarding other similarly situated individuals[1]. *See* [DE 16] at pg. 7. Defendants respectfully disagree. Defendants are not arguing Plaintiff has to prove, with evidence, in her Amended Complaint that the alleged class of similarly situated individuals are indeed similarly situated to the Plaintiff. Rather, Plaintiff must, *at minimum*, demonstrate that she and the other employees are, in fact, similarly situated, to state a cause of action for a FLSA collective action. The relevant case law in this Circuit supports Defendants' argument.

In *Sanchez v. Piripi VMP, LLC*, the Honorable Judge Moreno granted defendant's motion to dismiss the plaintiff's FLSA collective action. 2016 U.S. Dist. LEXIS 28751, *5 (S.D. Fla. March 4, 2016). Judge Moreno stated "Plaintiff's complaint does not identify a group of employees of Defendants, who share commonality with Plaintiff. Plaintiff merely states that a group of Defendants' employees were also not paid for overtime. That alone is insufficient to state a claim for an opt-in class." *See id.*

---

[1] Plaintiff's Response also alleges Defendants' argue this Court should dismiss the Amended Complaint because Plaintiff failed to provide the class member written consents to join a class. [DE 16] at pg. 7. However, Defendants did not make this argument in their Motion to Dismiss. [DE 11].

In *Jimenez v. Fla. Supplement, LLC*, the Honorable Judge Bloom dismissed a collective action complaint which alleged only that plaintiff "performs 'packaging duties' " and that "there are other similarly situated current and former employees in the packaging department" who "performed similar[] duties for Defendant and were subject to similar policies as to compensation"). 2016 U.S. Dist. LEXIS 123968, at *4 (S.D. Fla. Sept. 13, 2016). Judge Bloom found these allegations conclusory and insufficient to state a claim for a collective action under the FLSA. *Id.* at *11.

In *Bule v. Garda CL Southeast, Inc.*, the Honorable Judge Moreno granted a motion to dismiss the plaintiff's FLSA collective action finding "Plaintiff's Complaint failed to plead or define any attributes of the allegedly similarly situated employees." 2014 U.S. Dist. LEXIS 95618, *10 (S.D. Fla. July 11, 2014). He explained that, when a plaintiff brings an FLSA action for and on behalf of similarly situated employees, "the complaint should indicate who the other employees are, and allege facts that would entitle them to relief." *Id*. He noted, Bule's Complaint "contains no description of the job duties of the alleged similarly situated employees and has no allegations concerning the pay provisions of those proposed employees." *Id.*

In the instant matter, Plaintiff's Amended Complaint suffers from the same deficiencies as *Sanchez*, *Jimenez*, and *Bule*. *Sanchez,* 2016 U.S. Dist. LEXIS 28751, at *5; *Jimenez,* 2016 U.S. Dist. LEXIS 123968, at *4; *Bule,* 2014 U.S. Dist. LEXIS 95618, at *10. Specifically, Amended Complaint's conclusory preamble states that she brings this action "on behalf of herself and all others similarly situated," the first paragraph's unelaborated note that "[t]his is a collective action," and asserts the legal conclusion that "Defendants also misclassified similarly situated employees as independent contractors in order to avert the federal over time laws," *See* [DE 9] at ¶14. Other than these conclusory statements, there is absolutely no mention of a

collective, class, or any other MDLive employees anywhere throughout the rest of the Amended Complaint. Plaintiff's Response does not rebut this. Undeniably, the Amended Complaint fails to identify any other similarly situated person, a description of their job duties or their pay provisions. *See generally* [DE 9]. Plaintiff cannot proceed with an FLSA collective action, simply because she asserts in a conclusory manner that there are other similarly situated employees without providing any supporting facts. As a result, Plaintiff's FLSA collective action allegations should be dismissed.

### III. Plaintiff Fails to Rebut Defendants' Argument the Amended Complaint Fails to Sufficiently Plead a FLSA Retaliation Claim

Plaintiff's Amended Complaint in regard to FLSA retaliation merely states "[t]he motivating factor that caused Plaintiff's adverse employment action . . . was Plaintiff's complaint regarding not being properly paid for all hours worked." *See* [DE 9] at ¶ 33.

However, Plaintiff provides no allegations regarding the circumstances surrounding Plaintiff's termination; for example, the Amended Complaint does not indicate how she was terminated. In fact, the Amended Complaint does not even allege she was terminated. *See* [DE 9]. Plaintiff's Response, in a footnote, alleges she inadvertently left out the fact she failed to suffer an adverse employment action and ask this Court for permission to amend her conclusory retaliation allegations to avoid dismissal, which is impermissible. *See GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998) (rejecting plaintiff's attempt to correct the complaint's deficiencies in arguments made in a brief), *overruled on other grounds* as recognized in *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010))*; see also Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1311 (S.D. Fla. 2004) (holding that in deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside of

the complaint). This allegation, which is not found in the Amended Complaint, should be disregarded.

Moreover, the Amended Complaint is devoid of any allegation that Defendants terminated the Plaintiff because she allegedly complained of unpaid overtime wages. Rather, Plaintiff asserts nothing but legal conclusions that "Defendants intentionally misclassified Plaintiff as an independent contractor in order to avert federal overtime laws." *See* [DE 9] at ¶ 14. "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Erling v. Am. Grille with Sushi LLC*, 2018 U.S. Dist. LEXIS 32036, *4 (M.D. Fla. February 28, 2018) (citing *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir. 2007)). However, the pleading contains zero facts concerning when her alleged complaints were made and her termination. As such, the Amended Complaint fails to support Plaintiff's conclusion that her termination was solely due to her alleged complaints of unpaid overtime wages violations, let alone that she would not have been terminated "but for" her alleged complaints. Accordingly, Plaintiff's FLSA retaliation claim should be dismissed.

## IV. The Amended Complaint Should be Dismissed with Prejudice

Lastly, Plaintiff's Response argues dismissal with prejudice is not appropriate and there is no substantial reason to deny leave to amend. *See* [DE 16] at pg. 10-11. However, this is not Plaintiff's first attempt to state a cause of action against the Defendants. On February 15, 2018, Plaintiff filed her Complaint [DE 1-4] in state court. After removal, Defendants' moved to dismiss the Complaint [DE 6]. In lieu of filing a Response to Defendants' Motion to Dismiss the Complaint [DE 6], Plaintiff filed the operative Amended Complaint [DE 9].

As set forth herein, after two attempts, Plaintiff continues to fail to state a cause of action against the Defendants. Instead, Plaintiff continues to provide nothing more than a threadbare recital of facts and conclusory statements. Accordingly, dismissal with prejudice is warranted. *See Rodriguez v. Lozano*, 2011 U.S. Dist. LEXIS 59692, at *4 (S.D. Fla. May 25, 2011)(dismissing FLSA complaint with prejudice after the court permitted Plaintiff multiple opportunities to state a claim against Defendants).

For the reasons stated herein and in Defendants' Motion to Dismiss [DE 11], Defendants respectfully request that this Court dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 19th day of June, 2018, we presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. We further certify that we sent the foregoing document via email to the individuals listed on the attached service list.

By: */s/ Sheena D. Smith*
BARRY POSTMAN
Fla. Bar No.: 991856
S. JONATHAN VINE
Fla. Bar No.: 10966
SHEENA D. SMITH
Fla. Bar No.: 118919

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Remer & Georges-Pierre, PLLC
44 Flager Street,
Suite 2200
Miami, FL 33130
**VIA CM/ECF**

*Counsel for Plaintiff*