UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:18-cv-21691

KARINA MEZZASALMA,
on behalf of herself and
all other similarly situated,

    Plaintiff,

v.

MDLIVE, INC., a Foreign
Corporation, and JUSTIN
WOLLER, individually,

    Defendants.
_____/

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (hereinafter "Settlement Agreement" or "General Release") is made and entered into this _____ day of August, 2018 by and between KARINA MEZZASALMA (hereinafter "Mezzasalma") and MDLIVE, INC, (hereinafter "MDLive") and JUSTIN WOLLER (hereinafter "Woller") (all parties jointly referred to from time to time as the "Parties").

### RECITALS

1.     The Parties desire to enter into this Settlement Agreement in order to resolve all claims between Mezzasalma, MDLive, and Woller, upon the terms and conditions set forth below.

2.     As part of the consideration of this Agreement, Mezzasalma affirms that she received fair and substantial consideration in settlement of her claims against MDLive, and Woller.

3.     The Parties agree that, unless otherwise specified herein, when the Settlement Agreement refers to Mezzasalma, MDLive, and Woller, such reference shall be all encompassing and include, but not be limited to, any and all agents, representatives, corporations, subsidiaries,



associated or affiliated companies, past, present, or future relatives, directors, officers, managers, shareholders, employees, agents, representatives, assigns, and successors.

## AGREEMENT

**NOW, THEREFORE**, for and in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Recitals.</u> The foregoing recitals are true and correct and incorporated by reference into this Settlement Agreement.

2. <u>Agreement Not to be Deemed an Admission of Liability.</u> Mezzasalma understands and agrees that the payment of the aforedescribed consideration is not to be construed as an admission of liability on the part of any and all parties and entities hereby released, all of whom expressly deny same.

3. <u>Consideration.</u> In consideration of the mutual covenants and releases contained in this Settlement Agreement, as well as the agreements and actions described below required by the Parties, the Parties agree that MDLive, on behalf of itself and Woller, will pay Mezzasalma the sum of Ten Thousand Dollars ($10,000.00) in lawful money of the United States of America. The settlement payment shall be made in three separate checks as follows:

   A. Check # 1 to Mezzasalma in the amount of Two Thousand Seven Hundred Twenty-Five Dollars ($2,725.00) (for wages minus relevant applicable withholdings and deductions);

   B. Check # 2 to Mezzasalma in the amount of Two Thousand Seven Hundred Twenty-Five Dollars ($2,725.00) (for liquidated damages);

Case No: 1:18-cv-21691

C. Check # 3 to Remer & Georges-Pierre, PLLC in the amount of Four Thousand Five Hundred Fifty ($4,550.00) for attorney's fees and litigation costs;

The settlement proceeds paid to Mezzasalma, as reflected above, shall be fully paid in two separate checks (one check for wages and another check for liquidated damages). The portion attributable to wages will be subject to applicable withholding at the usual and customary rate. The portion attributable to liquidated damages will be without withholding, but reported on a Form 1099. The payment to Mezzasalma's counsel is in lieu of and for statutory attorneys' fees and costs under the FLSA. Mezzasalma understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees arising out of this action. The Settlement Payments shall be sent to Mezzasalma's counsel within ten (10) business days of the date that the Court approves this Agreement. No other consideration shall be paid by MDLive and Woller to Mezzasalma in connection with this Settlement Agreement.

4. <u>Prohibition Against Assignment</u>: Mezzasalma agrees that she will not assign, transfer, or sell any legal right, contractual right, claim or cause of action of any kind which she now has or may hereinafter acquire against MDLive and Woller, whether pursuant to common law or statute, to any third person, party or entity.

**GENERAL RELEASE AND HOLD HARMLESS AGREEMENT**

5. Mezzasalma for and in consideration of the sum of Ten Thousand Dollars ($10,000.00) in lawful money of the United States of America, received from MDLive on behalf of itself and Woller, receipt whereof is hereby acknowledged, does hereby remise, release, acquit and forever discharge MDLive and Woller, all related entities, affiliates, subsidiaries, their current and former incorporators, owners, shareholders, officers, directors, administrators, employees,

Case No: 1:18-cv-21691

former employees, counsel, insurers, counsel for insurers, claims handlers, successors, and consultants (hereinafter collectively referred to as "Released Parties"), from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated, which Mezzasalma ever had, now has, or which any personal representative, successor, family member, heir or assign of said Mezzasalma now has against said Released Parties, including but not limited to those arising out of or in any way connected with the engagement or employment of Mezzasalma with MDLive in any position at any time, and including but not limited to all claims raised in the claim alleged against MDLive and Woller presently pending in the United States District Court, Southern District of Florida, Case No: 1:18-cv-21691 (the "Lawsuit"), for wages, overtime pay, front or back pay, income from any source, declaratory or injunctive relief, retaliation, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Mezzasalma against the Released Parties, as well as claims arising under or relating to:

    a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*;

    b.    Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

    c.    The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;

    d.    The Labor Management Relations Act of 1947;

    e.    The Equal Pay Act of 1963;

    f.    The Occupational Safety and Health Act of 1970;

    g.    The Rehabilitation Act of 1973;

h.  The Health Maintenance Organization Act of 1973;

i.  The Immigration Reform and Control Act of 1986;

j.  The Family and Medical Leave Act of 1993 ("FMLA");

k.  Executive Orders 11141, 11246, and 11375;

l.  42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;

m.  The Americans with Disabilities Act ("ADA");

n.  The Consolidated Omnibus Reconciliation Act ("COBRA");

o.  The Employee Retirement Income Security Act of 1974 ("ERISA");

p.  The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;

q.  The Internal Revenue Service Code;

r.  Chapter 448, Florida Statutes;

s.  Chapter 440, Florida Statutes;

t.  Chapter 112, Florida Statutes;

u.  Any claim for defamation, libel, or slander;

v.  Any federal, state or local laws prohibiting employment discrimination;

w.  Any claim tort, contract or public policy claims;

x.  The employment, terms of employment, conditions of employment and separation from employment of Mezzasalma by MDLive;

y.  The independent contractor agreement, terms of independent contractor agreement, conditions of independent contractor engagement and termination of Mezzasalma's independent contractor agreement by MDLive and Woller;

z.  Any claims arising from alleged harassment, negligence or intentionally tortious conduct by Released Parties occurring before, during or after the employment of Mezzasalma by Released Parties through the day of this release;

aa. Any claims for intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, breach of contract, any pain and suffering whatsoever,

occurring before, during or after the employment of Mezzasalma by Released Parties through the day of this release;

bb. Any claims for damages, injuries, illnesses, workers compensation, or complications now known or that may later be discovered, including all effects and consequences thereof;

The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this Release from Mezzasalma to Released Parties. Mezzasalma further agrees that it is her express intent to enter into this full and final settlement and compromise of any and all claims against Released Parties whatsoever, including but not limited to those arising out of or in any way connected with the employment or engagement of Mezzasalma, at any time, from the beginning of the world to the date of execution by Mezzasalma of this Agreement. Mezzasalma further agrees that she will not file any claim or join in any claim as an individual or as a member of a class in any federal, state or local court or agency in regard to Released Parties, but nothing herein shall be construed as any form of a bribe or other hindrance to give truthful testimony pursuant to a subpoena, lawful discovery request, or court order. Mezzasalma recognizes that no lawsuit can be filed against Released Parties for any claim released as part of this Agreement. Except for enforcement of this Agreement, if Mezzasalma should later initiate or participate in any legal action or proceeding against Released Parties, for any claim arising or accruing before and through the effective date of this agreement, which she should not, this Agreement will be conclusive evidence that any such claims have been released.

This General Release is also to apply to any and all claims for costs and attorneys' fees arising out of the lawsuit which is the subject of this General Release, as well as causes of action arising out of the aforementioned lawsuit.

6. <u>Resignation and Waiver of Reinstatement/Re-Employment</u>: Mezzasalma agrees and recognizes that her relationship, engagement and/or employment with MDLive has been

permanently and irrevocably dissolved. Mezzasalma expressly waives reinstatement, re-employment and/or claim of right to employment, independent contractor, or subcontractor status with MDLive, whatsoever, and agrees that she will not now and will not in the future seek re-employment, independent contractor, or subcontractor status with MDLive. If, however, Mezzasalma should, through inadvertence, mistake, or otherwise, re-apply for employment with MDLive, Mezzasalma understands and agrees that she will not be extended an offer of employment and that no claims or potential claims may arise from the denial of employment. Further, in the event that Mezzasalma should become employed by MDLive, Mezzasalma understands and agrees her employment will be immediately terminated consistent with this provision. Accordingly, Mezzasalma acknowledges and agrees that she is waiving any and all rights, and releases any and all claims she may have to challenge any such action as constituting unlawful retaliation or other violation of law.

7.  <u>Release Inclusions and Unforeseen Injuries</u>: Mezzasalma fully understands and agrees that this Release includes but is not limited to any and all claims, damages, including compensatory and punitive damages, attorneys' fees, sanctions, penalties, costs, and causes of actions alleged or which could have been alleged or brought under the laws, codes and statutes of any and all state, federal, foreign, local or territorial jurisdictions. Further, this Release extends and applies to and also covers and includes, all unknown, unforeseen, unanticipated and unsuspected injuries, damages, including compensatory and punitive damages, losses and liabilities and the consequences thereof, arising out of the aforementioned Lawsuit. Mezzasalma fully understands and agrees that this Release includes, but is not limited to, a resolution of all claims and potential claims for attorneys' fees and costs. Mezzasalma agrees not to file an appeal in connection with the subject case that is the subject of this General Release.

8.     <u>Confidentiality</u>: Mezzasalma hereby agrees to keep strictly confidential the existence of the Settlement Agreement resolving this matter, and all matters described in the Settlement Agreement, including payment amounts. Neither Mezzasalma, nor her representatives, agents, or attorneys, will give any notice, or make any publication or announcement to any third party with regard to the resolution of this dispute, settlement of this lawsuit, execution of this Settlement Agreement, or the consummation of the transactions contemplated by the Settlement Agreement, without the prior written consent of the other party. Mezzasalma, on behalf of herself, her attorneys and all others, further acknowledges and agrees that the terms, conditions, and parties of and to this settlement, including any payments made hereunder, shall remain strictly confidential and shall not be disclosed or made known to any third person or party unless such disclosure is required by law. If Mezzasalma is asked about the matter, she shall respond only that it was "amicably resolved." Mezzasalma agrees not to disclose the existence of this agreement, the contents of this agreement or subject matter to any person other than her attorney, accountant, or income tax preparer, except pursuant to written authorization by the other party or as compelled by law or Court order. A breach of the confidentiality provision of this General Release and Hold Harmless Agreement by Mezzasalma will result in disgorgement of the Plaintiff's portion of the Settlement Payments. In any action to enforce this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs.

9.     <u>Non-Disparagement</u>: Mezzasalma acknowledges and agrees that she will not make any disparaging, defamatory, or derogatory remarks about Mezzasalma, its owners, officers, managers, employees, products, services, or business practices, including but not limited to, Justin Woller and Dr. Steven Gurland. Mezzasalma agrees to refer any potential employers seeking job references to MDLIVE'S Human Resources Department. The Parties agree MDLIVE'S Human

Resources Department will provide employers seeking job references with only a written "neutral" reference verifying Mezzasalma's engagement with MDLIVE and the dates and position(s) in which she was engaged by MDLIVE. A breach of the non-disparagement provision of this General Release and Hold Harmless Agreement by Mezzasalma will result in disgorgement of the Plaintiff's portion of the Settlement Payments. To the extent that Mezzasalma breaches the non-disparagement provision of this General Release and Hold Harmless Agreement, MDLIVE and Woller shall also be entitled to any and all damages as a result of said breach. In any action to enforce this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs.

10. <u>Taxes</u>: Mezzasalma agrees to indemnify and hold harmless MDLIVE for any and all taxes associated with the above-referenced Ten Thousand Dollar ($10,000.00) payment, as well as any other taxes associated with compensation that Mezzasalma received from MDLIVE, up until the date of this agreement. This indemnification and hold harmless includes the costs of reasonable attorney fees incurred in the defense of any such claim for taxes.

11. <u>Opportunity to Review</u>: Mezzasalma acknowledges that she has had a full opportunity to read the contents of this Release and has had the benefit of counsel in reviewing said Release with the advice of counsel.

12. <u>Complete Agreement</u>: Mezzasalma further acknowledges and agrees that (1) no promise or agreement not expressed herein has been made to her, (2) this General Release constitutes the entire agreement between the Parties hereto, (3) the terms of this General Release are contractual and not a mere recital, and (4) there is no agreement or compromise on the part of the MDLIVE or Woller to do any act or thing not mentioned herein. Should the Parties be required to enforce the terms of this agreement for breach of same, upon a proven breach, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

Case No: 1:18-cv-21691

13. <u>Capacity</u>: Mezzasalma declares, covenants, and warrant that the she is over the age of eighteen (18) years, and that she is not suffering from any legal, mental, or physical disabilities which would impair or disable her from executing this General Release and that there have been no representations and/or statements made by the MDLIVE and/or Woller hereto or its agents, insurers, employees, or representatives to influence the Mezzasalma in making or executing this General Release.

14. <u>Severability</u>: If any section or part of this General Release is held to be invalid by a court of law, the remaining portions of the General Release shall continue to be in full force and effect.

15. <u>Declaration</u>: Mezzasalma hereby declares that the terms of this settlement agreement have been completely read and are fully understood and voluntarily accepted for the purposes of making a full and final compromise, adjustment and settlement of any and all claims, disputes or otherwise, on account of the injuries or damages, costs and/or attorney's fees suffered by the Mezzasalma and for the express purpose of precluding forever any further or additional claims alleged against MDLive and Woller arising out of the matter styled <u>Karina Mezzasalma vs. MDLive, Inc. and Justin Woller</u>, presently pending in the United States District Court, Southern District of Florida, Case No. Case No: 1:18-cv-21691, as well as any other claims or causes of action arising out of the subject matter.

16. In any action to enforce this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs.

**[Signature Page to Follow on Next Page]**

Case No: 1:18-cv-21691

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this ___2nd___ day of August, 2018.

IN THE PRESENCE OF:

_____
WITNESS

_____
Karina Mezzasalma

_____Nicole M._____
WITNESS

STATE OF FLORIDA         )
                         ) SS:
COUNTY OF Miami-Dade    )

Sworn to and subscribed before me this ___2nd___ day of August, 2018, by KARINA MEZZASALMA, who is personally known to me or who has produced __DL 33-076-272__ as identification.

_____
NOTARY PUBLIC
TYPED NAME: _____
COMMISSION EXPIRES: _____
COMMISSION NO.: _____

Nathaly Lewis
Commission # GG111277
Expires: June 4, 2021
Bonded thru Aaron Notary

- 11 -

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this __7th__ day of August, 2018.

IN THE PRESENCE OF:

_____
WITNESS

_____
MDLive, Inc.
By: __Justin Stone__
Its: __EVP + General Counsel__

_____
WITNESS

STATE OF ~~FLORIDA~~ California )
                                 ) SS:
COUNTY OF _____ )

Sworn to and subscribed before me this _____ day of August, 2018, by MDLIVE, INC., by/its _____, who is personally known to me or who has produced _____ as identification.

_____
NOTARY PUBLIC
TYPED NAME: _____
COMMISSION EXPIRES: _____
COMMISSION NO.: _____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Orange__
Subscribed and sworn to (or affirmed) before me on this __7th__ day of __August__, 20__18__, by __Justin Adam Stone__
_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

GURKAN SUZER
Commission # 2137805
Notary Public - California
Orange County
My Comm. Expires Dec 20, 2019



Case No: 1:18-cv-21691

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this _____ day of August, 2018.

IN THE PRESENCE OF:

_____
WITNESS

_____
WITNESS

_____
JUSTIN WOLLER

STATE OF ~~FLORIDA~~ Texas )
                              ) SS:
COUNTY OF Tarrant            )

Sworn to and subscribed before me this 21 day of August, 2018, by JUSTIN WOLLER, who is personally known to me or who has produced FL Driver Lic as identification.

_____
NOTARY PUBLIC
TYPED NAME: Clark Stevens
COMMISSION EXPIRES: 1-20-20
COMMISSION NO.: 12479785-3

CLARK STEVENS
Notary Public, State of Texas
Comm. Expires 01-20-2020
Notary ID 12479785-3

- 13 -